# DISTRICT COURT OF THE VIRGIN ISLANDS

# DIVISION OF ST. CROIX

| | |
|---|---|
| PATRICK SHAWN THOMAS, <br><br> Plaintiff, <br><br> v. <br><br> ANGEL DIAZ, SGT. THOMAS HANNAH, Individually and in his Official capacity, VIRGIN ISLANDS POLICE DEPARTMENT, and GOVERNMENT OF THE VIRGIN ISLANDS, <br><br> Defendants. | 1:06-cv-174 |

TO: Emile A. Henderson, III, Esq.
      Melvin H. Evans, Esq., AAG

### ORDER REGARDING PLAINTIFF'S MOTION TO COMPEL DEFENDANTS TO ANSWER DISCOVERY

THIS MATTER came before the Court upon Patrick Shawn Thomas' Motion to Compel Defendants to Answer Discovery (Docket No. 56). Defendants filed an opposition to said motion, and Plaintiff filed a response to said opposition.

Plaintiff seeks to compel Defendants to answer his discovery requests consisting of his First Set of Interrogatories and Demand for Production of Documents (Docket No. 43) on the basis that Defendants have failed to respond and are in violation of LRCi. 37.2.

## DISCUSSION

Plaintiff asserts in his motion that Defendants failed to respond to his request for production of documents (First Set of Interrogatories and Demand for Production of Documents) within the allotted time. Motion at 1. Plaintiff propounded his request on November 12, 2009. Motion at 2. Pursuant to Rule 33(b)(2) and Rule 34(b)(2)(A) of the Federal Rules of Civil Procedure, Defendants' responses and any objections were due within thirty (30) days of service; a deadline therefore of December 12, 2009. Fed. R. Civ. P. 33, 34. Plaintiff stated he followed up with Defendants' counsel three times over the course of the spring, each time agreeing to an extension of time to respond, and Defendants continually have failed to respond. Motion at 3. Plaintiff's counsel has put forward these three follow-ups as "meet and confers" in the import of LRCi Rule 37.1. Certification attached to Motion.

Defendants stated, in opposition, that said meetings were not "meet and confer" sessions in the strict meaning of LRCi Rule 37.1. Opposition at 1. Defendants also argue that said Motion is moot because of the Court's Second Scheduling Order, which sets August 31, 2010, as the deadline for all factual discovery. Opposition at 1.

The Court notes that the parties failed to submit a joint stipulation pursuant LRCi 37.2(a) and therefore agrees with the opposition from Defendants. However, since the

matter is fully briefed, in the interest of judicial economy, the Court will rule upon the papers which could be considered filed consistent with LRCi 37.2(b), as counsel for Plaintiff has certified that the parties met and conferred on three separate occasions and still Defendants have not responded to the pending discovery requests. Therefore, the Court will deem the motion in compliance with LRCi 37.2(b). However, all future discovery motions that fail to comply with the requirements of LRCi 37.2(a) will not be considered pursuant to LRCi 37.2(c).

Furthermore, the Court disagrees with Defendants' argument that this Motion is moot. The thirty (30)-day deadline prescribed in the Federal Rules of Civil Procedure is not extended by the Second Scheduling Order. The August 31, 2010, deadline simply applies to the overall completion of factual discovery.

Having reviewed the said motion, the Court finds that Defendants have failed to provide responses to the First Set of Interrogatories and Demand for Production of Documents discovery requests as set forth in the motion and that Plaintiff is entitled to such responses. The Court further finds that by such failure Defendant has waived any objections they may have had to the said discovery. The Court does not find that sanctions are appropriate at this time.

Accordingly, it is now hereby **ORDERED**:

1. Plaintiff's Motion to Compel Defendants to Answer Discovery (Docket No. 56) is **GRANTED**.

2. Defendants shall serve upon counsel for Plaintiff, within fourteen (14) days from the date of entry of this order, their responses to the outstanding Interrogatories and Document Discovery (Docket No.43) requested by Plaintiff.

3. Defendants have waived any objections they may have or may have had to the discovery at issue.

ENTER:

Dated: June 16, 2010
/s/ George W. Cannon, Jr.
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE